PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2002 Chrysler Sebring struck a rock while she was traveling on State Route 57 in Barbour County. State Route 57 is a public road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 8:00 a.m. on December 23,2007. At the time of the incident, claimant was traveling south on State Route 57 towards Clarksburg. The claimant testified that there is a steep cliff on the side of the road. The speed limit on State Route 57 is fifty-five miles per hour. Claimant was driving at the speed limit when she noticed a rock in the middle of the road. By the time that claimant noticed the rock, her vehicle was too close to it for her to stop. Since there was oncoming traffic, claimant was unable to maneuver her vehicle into the other lane of traffic to avoid the rock. Claimant stated that she does not travel this road on a regular basis, but she has seen rocks along the side of the road on prior occasions. As a result of this incident, claimant’s vehicle sustained damage to its oil pan in the amount of $339.05, and claimant incurred towing expenses in the amount of $50.00. Thus, claimant’s damages total $389.05.
The position of the respondent is that it did not have notice of the rock that fell onto State Route 57. John Tanner, Highway Administrator for respondent in Barbour County, testified that State Route 57 is a first priority road in terms of its maintenance. Mr. Tanner stated that there are a couple of rock ledges along State Route 57, but it is not considered a rock fall area. Respondent did not receive complaints regarding rock falls on this road prior to December 23,2007. In addition, respondent did not have notice of the particular rock that claimant’s vehicle struck.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapmanv. Dep’t. of Highways, 16 Ct. Cl. 103 (1986). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without proof that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dep’t. of Highways, 16 Ct. Cl. 68 (1986).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on State Route 57 in Barbour County. Mr. Tanner testified that State Route 57 is not an area known for rock falls. In addition, Mr. Tanner stated that respondent did not have notice of the particular rock that claimant’s vehicle struck. Thus, there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.